IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF ILLNOIS

EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 13 |
| | ) Case No. 14-11140 |
| Michael Ramirez and | ) |
| Mary Ramirez-Padolina | ) |
| | ) Judge Jack B. Schmetterer |
| | ) |
| Debtor. | ) Trustee   Tom Vaughn |
| | ) |
| Michael Ramirez and | ) |
| Mary Ramirez-Padolina | ) Adversary No. 14-00434 |
| | ) |
| Plaintiff. | ) |
| | ) |
| | ) |
| -vs- | ) |
| | ) |
| First American Bank | ) |
| | ) |
| | ) |
| Defendant. | ) |

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

On October 16, 2014, the Complaint of Michael Ramirez and Mary Padolina-Ramirez, the Plaintiffs in this adversary action and the debtor in voluntary bankruptcy case before this Court, came before this Court for hearing upon proper notice.  The Court, having reviewed and considered the Complaint and Exhibits thereto and being otherwise fully advised in the premises, and having entered an Order of Default, now makes and enters the following Findings of Fact and Conclusions of Law and separately enters judgment in favor of Plaintiffs in this matter.

### FINDINGS OF FACT

1.  Plaintiffs, Michael Ramirez and Mary Padolina-Ramirez are the owners of improved parcel of residential real estate ("Real Estate") commonly known as 1 South Leavitt #412, Chicago, Illinois, 60612  PIN NO. 17-18-102-057-1035; the Real Estate is the Plaintiff's principal residence.

Case 14-00434   Doc 22   Filed 12/11/14   Entered 12/12/14 09:21:38   Desc Main
Document   Page 2 of 3

14-00434:19.3:Motion for Entry of Default:Exhibit Findings of Fact and Conclusions of Law:Entered: 01/20/2014 11:59:28 AM by:Thomas Hitchcock Page 2 of 3

has been asserted in Debtor's Schedule A, a copy of which is attached hereto and incorporated as EXHIBIT A.

4.     OCWEN LOAN SERVICING holds a first mortgage lien on the Real Estate and as of the Petition Date (March 27, 2014) there was due and owing on said mortgage $278,082.00.

5. FIRST AMERICAN BANK holds a second mortgage lien on the Real Estate and as of the Petition Date (March 27, 2014) there was due and owing on said mortgage $29,289.54.

6. As of the Petition Date (March 27, 2014) the amounts due and owning on the first mortgage lien exceeded the value of the Real Estate.

7. The Debtor's Chapter 13 Plan provides that the defendants claim will be treated as an unsecured non priority claim.

## CONCLUSIONS OF LAW

1.   Jurisdiction lies under 28 USC Section 1334(b) to adjudicate, approve and enforce the Debtor's effort by Chapter 13 Plan to determine through confirmation and completion of such Plan that the Defendant's junior mortgage will no longer by secured.

2.   This is a core proceeding under 28 USC Section 157(b)(2)(k) to determine the validity of a lien and is a proceeding to value the Defendant's claim under Bankruptcy Rule 3012.

3.   Pursuant to 11 USC 1322(b)(2), a lien upon residential real estate which is the debtor's principal residence cannot ordinarily be modified.  A wholly unsecured lien however can however be avoided and cancelled and may thereafter be eliminated through a Chapter 13 Plan.  See First Bank, Inc. vs. Van Wie, 2003 WL 1563959(S.D. Ind.2003); In Re Mann, 249 B.R. 831, 840 (1st Cir BAP 2000); In Re Pond, 2001 U.S.App.Lexis 11287 (2nd Cir. 2001); In re McDonald, 205 F.2d 606 (3rd Cir 2000); Bartee vs. Tara Colony Homeowners Assoc, 212 F.3d 277 (5th Cir. 2000);

Case 14-00434 Doc 22 Filed 12/11/14 Entered 12/12/14 09:21:38 Desc Main Document Page 3 of 3

14-00434:19.3:Motion for Entry of Default:Exhibit Findings of Fact and Conclusions of Law Entered 11/20/2014 11:59:28 AM by Thomas Hitchcock Page 3 of 3

There cannot be any equity securing the lien at the time of valuation, and the lien must be wholly unsecured to be avoided and cancelled. At the time of filing (March 27, 2014) the amount due of the first mortgage exceeded the value of the Real Estate; therefore the Defendants' mortgage lien is wholly unsecured and may be avoided and cancelled.

4. The Defendants' lien has been proven to be wholly unsecured and pursuant to 11 USC 506 can be cancelled upon successful completion of the Debtor's Chapter 13 Plan

5. The secured claim of the Defendants against the Real Estate located at 1 South Leavitt #412, Chicago, Illinois, 60612, is valued at zero.

6. The Plaintiff is entitled to a Judgment Order declaring that, upon successful completion of the Debtor's Chapter 13 Plan and entry of debtor's discharge, the lien of the Defendant will be rendered null and void. The Court retains jurisdiction to enter orders in aid of this judgment after the debtor's discharge.

Dated: 12/11/14

Judge Jack B. Schmetterer

DEC 11 2014

Thomas R Hitchcock
Hitchcock & Associates, P.C.
53 West Jackson Blvd.
Suite 724
Chicago, IL 60604
(312) 622-6402